**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>NICOLE MARIE DOMINIC,<br><br>Debtor. | Bankruptcy Case No. 26-15907 TBM<br>Chapter 13 |

---

**ORDER DENYING MOTION TO REINSTATE**

---

THIS MATTER comes before the Court on "Debtor's Motion for Vacate Dismissal, Resintate Chapter 13 Case, and Grant Additional Time to Retain Counsel and Complete Required Filings" (Docket No. 26, the "Motion to Vacate") filed by Nicole Marie Dominic (the "Debtor").

**Background**

The Debtor filed a voluntary petition for relief under Chapter 13 on August 12, 2026 (the "Petition Date"). She paid $100.00 toward her filing fee (Docket No. 5) and submitted an "Application for Individuals to Pay the Filing Fee in Installments" (Docket No. 4, the "Application") requesting to pay the remainder of her fee in installments. She also submitted a "Statement About Your Social Security Numbers" (Docket No. 3). The Debtor's case was highly deficient, in that the Debtor did not file all required documents with her initial filing.

The day after the Petition Date, the Court issued two documents: (1) an "Order for Payment of Filing Fees in Installments and Notice of Dismissal in the Event of Default" (Docket No. 6, the "Fee Schedule Order"); and (2) a "Notice of Deficiency" (Docket No. 7, the "Notice of Deficiency").

In Fee Schedule Order, the Court ordered the Debtor to make the first installment payment of $26 on August 26, 2026; a second installment payment of $96 on September 23, 2026; and a third payment of $91 on October 21, 2026. The Clerk of the Court warned in the Fee Schedule Order: "The Debtor is advised that failure to pay the statutory filing fees as set forth above shall constitute cause for dismissal, and Debtor may be further barred from filing a petition in this Court for 180 days pursuant to Title 11 U.S.C. § 109(g)."

In the Notice of Deficiency, the Court identified a number of documents that the Debtor had failed to file with her petition, including:

- Statement of Financial Affairs;
- Summary of Assets and Liabilities and Certain Statistical Information;
- All Schedules: A/B, C, D, E/F, G, H, I, J;
- Declaration About an Individual Debtor's Schedules Official Form 106Dec;
- Employee Income Records and/or Statement Concerning Payment Advices (L.B.F. 1007-6.1);
- Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Official Form 122C-1;
- Chapter 13 Plan (L.B.F. 3015-1.1);
- Proof of legally sufficient service and notice of the plan, the deadline to file objections thereto, and the hearing on confirmation, to the U.S. Trustee, Chapter 13 Trustee, and all creditors and parties in interest.

The Clerk notified that Debtor that all such documents were due by August 13, 2026, and warned: "**Your case is subject to dismissal if you fail to file the missing documents by the above date.**" (Docket No. 7, bolding in original.)

The Fee Schedule Order and the Notice of Deficiency were sent to the Debtor at her address of record. (Docket Nos. 9 and 10.)

On August 26, 2026, the Debtor filed "Debtor's Motion for Extension of Time to File Required Documents" (Docket No. 11, the "First Motion for Extension"). Therein, the Debtor asked the Court to give her until September 9, 2026, to file the documents in the Notice of Deficiency. The Court granted the First Motion for Extension in part. Specifically, in order to ensure that the Debtor's required documents were filed in advance of the meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting") that was scheduled for September 8, 2026, the Court granted a shorter extension to file all documents identified in the Notice of Deficiency, establishing a new deadline of September 4, 2026, by which to do so. (Docket No. 12.)

The Debtor did not make the first installment due on her filing fee as ordered. As a result, on August 26, 2026, the Clerk of the Court issued a "Notice of Impending Dismissal" (Docket No. 14). Therein the Clerk advised as follows:

> NOTICE IS HEREBY GIVEN that the past-due installment payment must be **received** by the Court within **14 days** of the date of this Notice. **The remaining filing fee installment schedule set forth in the Court's prior Order is unchanged.** This is the final notice for payment of the past-due installment payment and remaining installment payment(s).

> **You must meet all future payment deadlines, as failure to make any payment by the deadline in this Notice or any deadline previously established by the Court will result in the dismissal of the case without further notice to the Debtor(s).**

(Docket No. 14, bolding in original.) Like the Fee Schedule Order and the Notice of Deficiency, the Notice of Impending Dismissal was sent to the Debtor at her address of record. (Docket No. 14.)

On September 2, 2026, Adam M Goodman, Chapter 13 Trustee (the "Trustee") filed a "Motion to Dismiss for Debtor(s) Failure to Provide Tax Returns Pursuant to 11 U.S.C. §521(e)(2) and Notice of Pending Dismissal of Case" (Docket No. 15, the "Motion to Dismiss"). In the Motion to Dismiss, the Trustee reported that the Debtor had failed to provide the Trustee with a copy of her tax returns as required by 11 U.S.C. § 521(e)(2) and Fed. R. Bankr. P. 4002 and moved for dismissal of her case on that basis.

On September 4, 2026, the Debtor filed "Debtor's Second Request for Extension of Time to File Missing Documents" requesting a second extension, to September 9, 2026, to file the documents in the Notice of Deficiency. (Docket No. 17, the "Second Motion for Extension"). The Debtor did not address the issues raised in the Motion to Dismiss. The Court granted the Second Motion for Extension on September 8, 2026, giving the Debtor until September 9, 2026 to file the documents identified in the Notice of Deficiency. (Docket No. 19.)

On September 9, 2026, the Trustee filed "Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan" (Docket No. 21). Therein, the Trustee reported that the 341 Meeting "was not conducted because Debtor did not produce adequate photo identification and/or proof of social security number" as required by Fed. R. Bankr. P. 4002(b)(1)(A-B). The Trustee also reported that the Debtor had not yet filed her schedules, Official Forms 122C-1 and 122C-2, or pay advices.[1]

On September 4, 2026, the Debtor initiated a $50 ACH payment toward the filing fee through pay.gov. However, the Court received a ACH return on September 10, 2026 (Docket No. 20), notifying the Court that it was unable to collect the funds . Thus, the installment was not paid as required.

By September 10, 2026, the Debtor had not filed the documents listed in the Notice of Deficiency. As a result, the Court entered an "Order Dismissing Chapter 13 Case Prior to Confirmation of a Plan and Vacating Confirmation Hearing" (Docket No. 23, the "Dismissal Order"). At this time, though not noted in the Dismissal Order, the Debtor had also failed to pay the installment fee.

---

[1] The Trustee's reporting about the Debtor's failure to file such required documents was somewhat premature, since the deadline extended by the Court had not yet expired.

Four days later, on September 14, 2026, the Debtor filed the Motion to Vacate. In the Motion to Vacate, the Debtor states that she is proceeding without counsel and in acting in good faith. She notes that she originally requested that the Court extend the deadline by which she was required to file the documents in the Notice of Deficiency to September 9, 2026, and that the Court granted her a shorter extension, only through September 4, 2026, and contends that such lesser extension was too short to allow the Debtor to complete her filing. The Debtor also states that she received the Order granting the extension to September 4, 2026, on September 2, 2026, leaving her without sufficient time to comply. The Debtor further states that her failure to submit required documents was "not intentional, was not an attempt to disregard the Court's orders, and was not intended to unnecessarily delay these proceedings." She continues as follows:

> 8. Debtor has made a good-faith effort to comply with the requirements of her Chapter 13 case but has determined that she needs the assistance of experienced bankruptcy counsel to ensure that the remaining documents are properly and accurately completed.
>
> 9. Debtor is actively seeking to retain a bankruptcy attorney to assist her with the outstanding documents and continued administration of this Chapter 13 case.
>
> 10. Debtor therefore respectfully requests an additional fourteen (14) days from the date the Court enters an order reinstating this case to retain counsel and complete and file all outstanding required documents.
>
> 11. The requested extension is for the purpose of obtaining professional assistance and achieving compliance with the Court's filing requirements, rather than for purposes of delay.
>
> 12. Dismissal of this case would create substantial hardship for Debtor. Debtor filed Chapter 13 in part to address mortgage arrears through a court-supervised repayment plan and protect her residence while doing so.
>
> 13. Debtor respectfully submits that the limited notice of the shortened extension, her good-faith efforts to comply, and her present effort to retain bankruptcy counsel constitute good cause for the Court to vacate the dismissal and permit Debtor a brief additional period to cure the outstanding deficiencies.
>
> 14. Debtor intends to proceed with this Chapter 13 case in good faith, comply with all requirements of the Court and Chapter 13 Trustee, and work with counsel to promptly correct any outstanding deficiencies.

The Debtor does not acknowledge that the Court already granted a second extension of the deadline to file documents to September 9, 2026, as she proposed, nor does the Debtor address her failure to pay the filing fee. And, as is suggested by the Motion to Vacate itself, the Debtor did not file any of the documents listed in the Notice of Deficiency.

**Legal Analysis**

The Debtor has failed to cite any legal authority in support of the Motion. Perhaps the Debtor wished to rely on Fed. R. Civ. P. 59 or 60, as incorporated by Fed. R. Bankr. P. 9023 and 9024. Three major grounds justify reconsideration under the foregoing Rules: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice and holding that motion to reconsider is appropriate where court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Debtor has not asserted an intervening change in controlling law, the availability of new evidence, and has not suggested that the Court erred in dismissing the case. As best the Court understands it, the Debtor asserts that, because she did not receive a long enough extension of time to enable to her to file required documents, dismissal of the case will result in manifest injustice.

The Court dismisses the Debtor’s argument. Though the Court did not initially give the Debtor the extension she requested, the Court later *did extend the deadline* to September 9, 2026 – the exact date proposed by the Debtor in both the First Motion for Extension and the Second Motion for Extension. The Debtor fails to explain why she failed to file required documents by the further extended deadline. Further, the Debtor also fails to explain, or even to address, her failure to pay the installment due on her filing fee even after the deadline for doing so was extended by the Notice of Impending Dismissal.

The Bankruptcy Code and the Federal Rules of Bankruptcy Procedure require the production of a substantial amount of information and documentation within carefully prescribed deadlines. They also require debtors to attend a meeting of creditors. When debtors fail to fulfill their obligations in a timely manner, such failure impedes the administration of the estate and can be prejudicial to creditors and other parties in interest. There is no manifest injustice that will result from dismissal of a case in which the Debtor has failed to meet deadlines required for her case to progress, nor where reinstatement of the case would require the Court and/or the Trustee to reset a number of deadlines and also result in the Court or the Trustee having to provide notice of such deadlines. Under the circumstances, it would be better for the Debtor to start anew, after she has gathered all of the information she will be required to provide in order for her case to progress to completion. The Debtor has not met her burden under Fed. R. Civ. P. 59 or 60, as incorporated by Fed. R. Bankr. P. 9023 and 9024.

If the Debtor chooses to refile for bankruptcy, the Court encourages her to seek the assistance of counsel. The Court has recently instituted a *pro se* bankruptcy clinic, staffed by an attorney, at which the Debtor might be able to receive some limited legal advice and assistance at no cost. The Debtor can obtain additional information about the clinic at cobar.org/bankruptcy or by calling 720-633-8866. Alternatively, some attorneys might be able to consult with the Debtor for free and might be able to work with the Debtor to determine whether

legal fees can be paid through a Chapter 13 plan. Or, if the Debtor's income is low enough, it is possible that Colorado Legal Services may be able to provide advice or assistance. Colorado Legal Services can be reached at 1905 Sherman Street, Suite 400, Denver Colorado 80203; telephone number 303-837-1321. Its website is http://www.coloradolegalservices.org. Other organizations also might be able to provide pro bono legal services.

## Order

For the foregoing reasons, it is

ORDERED that the Motion is DENIED. The Debtor's case remains dismissed.[2]

DATED this 24th day of September, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge

---

2 If the Debtor files a new bankruptcy case, the Debtor should also take care to include all required documents (including the Section 109(h) Certificate, petition, schedules, statement of financial affairs and creditor matrix) as well as her telephone number and other contact information in her case filing. The Court also encourages the Debtor to sign up to receive notice of filings in her bankruptcy case through its Electronic Bankruptcy Noticing (EBN) program. Information about this service is available at https://bankruptcynotices.uscourts.gov/.